```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/13/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
      :
RODNEY MUNNERLYN,      :
      :
               Petitioner,      :    13-CV-6894 (JMF) (SN)
      :
      :    ORDER ADOPTING
-v-      :    REPORT AND
      :    RECOMMENDATION
      :    IN PART
STEVEN E. RACETTE,      :
      :
               Respondent.      :
      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The Court previously referred this petition for a writ of habeas corpus from a state court conviction, filed pursuant to Title 28, United States Code, Section 2254, to Magistrate Judge Sarah Netburn for a Report and Recommendation. (Docket No. 4). In a Report and Recommendation filed on July 16, 2014, Magistrate Judge Netburn recommended that the petition be denied. (Docket No. 16).

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments.  *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  In addition, it expressly called Petitioner's attention to Rule 72(b) of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1).  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, Petitioner has waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite Petitioner's waiver, the Court has reviewed the petition and Magistrate Judge Netburn's Report and Recommendation, unguided by objections.  To the extent that Magistrate Judge Netburn recommends denial of Petitioner's ineffective-assistance claims, the Court finds the Report and Recommendation to be well reasoned and grounded in both fact and law.  As Magistrate Judge Netburn explains, Petitioner's ineffective-assistance claims are procedurally barred because he failed to present them — in any way — to a state court.  (Report and Recommendation at 11-12).  Further, to the extent Petitioner still has an opportunity to exhaust those claims in the state courts, he cannot now amend his federal petition to add the claims because they would be barred as untimely.  (*Id.* at 12-13).  Accordingly, it is hereby ORDERED that Magistrate Judge Netburn's Report and Recommendation dated July 16, 2014, is ADOPTED to the extent that it recommends denial of Petitioner's ineffective-assistance claims, and the Petition is dismissed to the extent it presses those claims.

The Court reserves judgment, however, on whether to adopt the Report and Recommendation to the extent that it recommends denial of Petitioner's final claim — namely, that the state trial court wrongly denied his application to present expert testimony. Magistrate Judge Netburn recommended denial of that claim as procedurally barred on the ground that Petitioner "failed to fairly present" that claim to the state courts "in constitutional terms." (*Id.* at 13). She noted — correctly — that Petitioner's brief to the Appellate Division "cites only New York cases and raises only the claim in terms of New York law governing the limits of judicial discretion; there is no language invoking concepts of constitutional due process or a fair trial." (*Id.* at 13; *see* Declaration of Priscilla Steward (Docket No. 7), Ex. A). In his application for leave to appeal to the New York Court of Appeals, however, Petitioner framed the question as whether he was "denied his right to *due process of law* when the trial court denied the application of defense counsel to present expert testimony" (*id.* Ex. E, at 3 (emphasis added)), and explicitly argued that he was denied "due process *under the Fifth Amendment*" (presumably a mistaken reference to the Fifth Amendment Due Process Clause, which applies to the federal government, rather than to the Fourteenth Amendment Due Process Clause, which applies to actions by the states). (*Id.* Ex. E, at 7 (emphasis added)).

That language raises the question of whether Petitioner did, in fact, "fairly present" his federal constitutional claim to a state court and, if so, whether he satisfied the exhaustion requirement discussed in the Report and Recommendation. Accordingly, Respondent is hereby ORDERED to file and serve a supplemental memorandum of law, **no later than August 27, 2014, and not to exceed fifteen pages**, addressing whether, in light of that language, Petitioner's expert-witness claim should be denied as procedurally barred or for any other reason. **Within thirty days of Respondent's filing**, Petitioner may file his own supplemental memorandum of

3

law addressing those issues, **not to exceed fifteen pages**.  In the meantime, the Court will reserve judgment on whether to adopt the Report and Recommendation in its entirety.

As Petitioner has not made a substantial showing of the denial of a constitutional right with respect to his ineffective-assistance claims, a certificate of appealability will not issue at this time.  *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  In addition, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: August 13, 2014
       New York, New York

JESSE M. FURMAN
United States District Judge